IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANDY SIRAK, *et al.*

      **Plaintiffs,**

v.                                                                             Civil Action No. 3:19cv179

MYRON TERRELL AIKEN, *et al.*,

      **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendants Myron Terrell Aiken and Western Express, Inc.'s (collectively, the "Defendants") Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5)[1] and 12(b)(6).[2] (ECF No. 6.) Plaintiffs Andy and Galina Sirak (collectively, the "Siraks") responded, (ECF No. 11), and the Defendants replied, (ECF No. 12). The matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1332(a).[3] For the reasons that follow, the Court will grant the Defendants' Rule 12(b)(6) Motion to Dismiss.

---

[1] Rule 12(b)(5) allows dismissal for "insufficient service of process." Fed. R. Civ. P. 12(b)(5).

[2] Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

[3] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Aiken is a citizen of Georgia; Western Express a citizen of Tennessee; and, the Siraks are citizens of Illinois. (Compl. ¶ 5, ECF No. 1.) The amount in controversy exceeds $75,000.

## I. Factual and Procedural Background

This personal injury action arises out of an incident during which a truck struck a pedestrian at a Pilot Travel Center in New Kent, Virginia on December 8, 2016. The Siraks previously filed a substantially similar complaint in the United States Court for the Northern District of Illinois (the "Illinois Complaint"). Because the claims in the previous lawsuit are essential to deciding the Motion to Dismiss, the Court turns first to the Illinois Complaint.

### A. Illinois Complaint

On November 27, 2018, the Siraks, represented by Attorney Ralph Briscoe, filed a two-count complaint in the Northern District of Illinois against the Defendants.[4] In the Illinois Complaint, the Siraks, through counsel, alleged that Aiken, a driver for Western Express, struck Andy Sirak with his semi-truck while driving through the Pilot Rest Stop in New Kent, Virginia. (Ill. Compl. ¶¶ 10, 12, ECF No. 7-1.) As a result of the accident, the Plaintiffs stated that Andy Sirak suffered "serious injuries" including "contusions to his face and torso, a fractured rib, and a fractured foot." (*Id.* ¶ 14.) The Illinois Complaint identified two claims for relief. First, the Siraks sought to recover for injuries caused by Aiken's negligence in operating his semi-truck. Second, Galina Sirak sought to recover for "loss of consortium," because she "lost and continues to lose the love, moral, beneficial and economic support . . . of her husband." (*Id.* ¶ 24.) The Illinois Complaint demanded damages in excess of $150,000. (*Id.* 5.)

Under the section entitled "PARTIES," the Siraks averred that they resided in Illinois, that Western Express was a citizen of Tennessee, and that Aiken was a citizen of Georgia. (*Id.* ¶ 5.) Under the section entitled "VENUE AND JURISDICTION," They further asserted that

---

[4] Relevant for the purposes of this case, the Virginia statute of limitations for personal injury actions expires two years after the injury accrues. Therefore, the Siraks filed their Illinois Complaint eleven days before the statute of limitations expired.

2

venue was "proper in this District, because the Plaintiffs are permanent residents of Wheeling, Illinois . . . [and] Andy Sirak's employer on the date of the incident was . . . located in Broadview, Illinois." (*Id.* ¶ 6.)

The Siraks failed to prosecute the Illinois Complaint. Approximately two months later, on January 22, 2019, the Defendants moved to dismiss the Illinois lawsuit "for lack of personal jurisdiction and insufficient service of process." (Mem. Supp. Mot. Dismiss. 3, ECF No. 7.) Counsel for the Siraks failed to respond to the Defendants' motion, and the Illinois Court "dismissed the case, without prejudice, after [Briscoe] failed to appear at a hearing on March 6, 2019." (*Id.* 4; *see also* Illinois Ct. Order, ECF No. 7-3.)

### B. Virginia Complaint

On March 14, 2019, eight days after the dismissal of the Illinois Complaint, the Siraks filed their Complaint (also, the "Virginia Complaint") in this Court. The Virginia Complaint is similar to the Illinois Complaint, with four important differences. First, the Virginia Complaint includes an additional cause of action for assault and battery. (Compl. ¶ 24.) The Siraks now allege that "Aiken[] exited his vehicle and . . . [struck Andy Sirak] about the head and body with his fists without legal justification." (*Id.* ¶ 15.) Second, the Virginia Complaint seeks damages in excess of $200,000—$50,000 more than the Illinois Complaint. (*Id.* 5.) Third, the Virginia Complaint was purportedly filed "*pro se*." (*Id.* 1.) However, in the Local Rule 83.1(M) Certification attached to the Virginia Complaint, the Siraks state that Briscoe—their attorney in Illinois who is not licensed to practice law in the Commonwealth of Virginia—assisted them in the preparation of their lawsuit. (Compl. Ex-1.) Fourth, and finally, the Virginia Complaint asserts that "[v]enue is proper in this District, because the underlining incident which gives rise

3

to this cause of action occurred within the jurisdictional limits of this court being New Kent County, Virginia." (Compl. ¶ 6.)

### C. Procedural Background

The Siraks' Virginia Complaint brings three counts against the Defendants, alleging: (1) negligence; (2) battery; and, (3) loss of consortium. On July 8, 2019, the Defendants filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6).[5] (ECF No. 6) Consistent with the requirements of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Defendants included in their Motion to Dismiss a notice that the "Siraks are entitled to file a response opposing this Motion and any such response must be filed within twenty-one (21) days of the date on which this Motion is filed" and warned that "[t]he Court could dismiss this action on the basis of Defendants' papers if the Siraks do not file a response." (Mot. Dismiss. 2, ECF No. 6.) On August 2, 2019, the Siraks, still purportedly proceeding without counsel, filed a response, four days beyond the due date.[6] (ECF No. 11.) The Defendants replied. (ECF No. 12.)

## II. Legal Standard

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). To survive Rule 12(b)(6) scrutiny, a complaint must contain sufficient factual

---

[5] Because the Court will dismiss the Siraks' Complaint for failure to state a claim, the Court assumes, without deciding, that they properly served Western Express and Aiken.

[6] Despite the Siraks' untimely filing, in the interest of justice, the Court will consider the arguments contained in their Response to the Motion to Dismiss.

4

information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.") Mere labels and conclusions declaring that the plaintiff is entitled to relief are not enough. *Twombly*, 550 U.S. at 555. Thus, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

A complaint achieves facial plausibility when the facts contained therein support a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis*, 588 F.3d at 193. The Court must assume all well-pleaded factual allegations to be true and determine whether, viewed in the light most favorable to the plaintiff, they "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 676–79; *see also Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty, Md.*, 684 F.3d 462, 467 (4th Cir. 2012) (finding that the court in deciding a Rule 12(b)(6) motion to dismiss "'must accept as true all of the factual allegations contained in the complaint'" and "'draw all reasonable inferences in favor of the plaintiff'") (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)). This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

## III. Analysis

Because the Siraks bring claims not cognizable under Virginia law or which fall outside the statute of limitations, the Court must grant the Motion to Dismiss.

### A. The Court Will Dismiss the Loss of Consortium Claim (Count III) Because Virginia Does Not Recognize Loss of Consortium as a Viable Cause of Action

Virginia does not recognize loss of consortium as a viable cause of action. *See Torabipour v. Cosi, Inc.*, 2012 WL 2153168, at *7 (E.D. Va. June 12, 2012) ("loss of consortium is not recoverable in the Commonwealth of Virginia) (citing *Carey v. Foster*, 345 F.2d 772 (4th Cir. 1965)). The Siraks do not contend otherwise, "nor do they attempt to invoke the law of another jurisdiction." *Williams v. AES Corp.*, 28 F. Supp. 3d 553, 574 (E.D. Va. 2014). Accordingly, the Court will dismiss Count III, the Siraks' loss of consortium claim.

### B. The Court Will Dismiss the Negligence Claim (Count I) and the Battery Claim (Count II) Because The Statute of Limitations Bars Them

The relevant two-year statute of limitations bars the Siraks' other two claims. Specifically, because the Siraks did not file the Illinois Complaint in good faith, the Illinois Action did not toll Virginia's two-year statute of limitations for personal injury actions.

#### 1. Legal Standard: Statute of Limitations

Virginia law requires that "every action for personal injuries . . . shall be brought within two years after the cause of action accrues." Va. Code § 8.01-243(A). The two-year statute of limitations begins to run from the "time [the] plaintiff [is] hurt." *Locke v. Johns-Manville Corp.*, 275 S.E.2d 900, 905 (Va. 1981). Virginia law deems a plaintiff hurt "whenever any injury, however slight, is caused by the negligent act, even though additional or more severe injury or damage may be subsequently sustained." *St. George v. Pariser*, 484 S.E.2d 888, 890 (Va. 1997).

The statute of limitations may be tolled, however, where a litigant commences an action "within the prescribed limitation period" and that action "abates or is dismissed without determining the merits." Va. Code § 8.01-229(E)(1). In those cases, the time "such action is pending shall not be computed as part of the period within which such action may be brought." *Id.* The "basic purpose" of the tolling rule is to "sav[e] the right of action for plaintiffs who, without fault, have been unable to obtain an adjudication on the merits." *Atkins v. Schmutz Mfg. Co.*, 435 F.2d 527, 530 (4th Cir. 1970). Where a plaintiff has been "*diligent* and *without fault* in his [or her] efforts to prosecute his [or her] claim," the prior lawsuit should toll the statute of limitations clock while the action pends. *Id.* (emphases added).

In accordance with this "good faith" rule, a court should not toll the statute of limitations when a litigant brought claims "in a court having no jurisdiction, wil[l]fully or with great negligence and not in good faith." C.T Drechsler, Annotation, *Statute Permitting New Action After Failure of Original Action Commenced Within Period of Limitation, As Applicable in Cases Where Original Action Failed for Lack of Jurisdiction*, 6 A.L.R.3d 1043 (1966 and 1989 Supp.) (collecting cases). While the Supreme Court of Virginia has never addressed the issue, Eastern District of Virginia courts have found that plaintiffs must have acted in "good faith" in order to justify tolling the applicable statute of limitations. *Rivers v. Black & White Cars, Inc.*, 1990 WL 303324, at *9 (E.D. Va. June 7, 1990) (tolling the statute of limitations for good faith claim but recognizing that a "plaintiff can eviscerate statutes of limitations by purposely filing in any wrong forum and having his or her action saved by the tolling statute.").

Federal courts outside the Eastern District of Virginia apply the same rule. Generally, "some measure of good faith expectation of proceeding in the court in which the complaint is filed is essential to tolling the statutes of limitation." *Biby v. Kan. City Life Ins. Co.*, 629 F.2d

7

1289, 1294 (8th Cir. 1980). Therefore, filing a complaint that serves "merely [as] a procedural ploy will not suffice" to toll a statute of limitations. *Id.* Plaintiffs are not permitted to "purposefully . . . file in the wrong court, thereby holding open the statute of limitations indefinitely." *Pedzewick v. Foe*, 963 F. Supp. 50, 51 (D. Mass. 1997) (refusing to transfer case where plaintiffs had filed "on the very last day of the applicable statute of limitations . . . in a court that—by no stretch of the imagination—could even arguably exercise personal jurisdiction over the[] Defendants" to avoid the statute of limitations); *see also Daros v. Tokoyo*, 2005 WL 1229734, at *3 (E.D.N.Y. May 23, 2005) ("It simply is not in the interest of justice for a court to indulge a plaintiff who filed on the eve of the expiration of the limitations period, in a court that plainly lacks personal jurisdiction . . . and in a district where venue does not lie.")

### 2. The Court Must Dismiss the Negligence and Battery Claims Because the Siraks Did Not File the Illinois Lawsuit in Good Faith

The Court cannot find that counsel's filing of the Illinois Complaint meets the good faith standard for tolling. Because finding that the Illinois Complaint tolls the Virginia statute of limitations would defeat the purpose of § 8.01-229(E)(1), the Court must dismiss the Complaint.

Andy Sirak claims injury from when he was struck by Aiken's tractor trailer on December 8, 2016. The Illinois Complaint—filed eleven days before the Virginia statute of limitations expired—was facially defective. Most notably, the Illinois Complaint omitted any claim of personal jurisdiction over the Defendants. No personal jurisdiction over Defendants existed in Illinois. While noting that Western Express and Aiken were citizens of Tennessee and Georgia, the Siraks stated that the Northern District of Illinois afforded proper venue "because the Plaintiffs are permanent residents of Wheeling, Illinois . . . [and] Andy Sirak's employer on the date of the incident was . . . located in Broadview, Illinois." (Ill. Compl. ¶ 6.) Given the patent lack of personal jurisdiction over Western Express or Aiken, the Defendants moved to

dismiss the case. Thereafter, Plaintiffs' Counsel functionally abandoned the Illinois Lawsuit, failing to file any response or appear at a key hearing. (Mem. Supp. Mot. Dismiss 4.)

Statutes of limitations protect plaintiffs who have acted diligently and without fault in pressing their claims. *See Atkins*, 435 F.2d at 530. They do not protect those who "purposefully . . . file in the wrong court, thereby holding open the statute of limitations indefinitely." *Pedzewick*, 963 F. Supp. at 51. In *Pedzewick*, the Massachusetts district court confronted a virtually identical scenario to the case at bar: plaintiffs had filed "on the very last day of the applicable statute of limitations . . . in a court that—by no stretch of the imagination—could even arguably exercise personal jurisdiction over the[] Defendants." *Id.* at 50. Plaintiffs then sought to transfer the case to the proper venue pursuant to § 1406(a). *Id.* The *Pedzewick* court denied the request, finding that the plaintiff lacked "a good faith belief that the Defendants were subject to personal jurisdiction in [Massachusetts District Court]." *Id.* at 52. Noting that "[s]tatutes of limitations serve a very useful purpose," the *Pedzewick* court determined that the only way to "safeguard the finality ensured by the [proper forum's] statute of limitations" was to dismiss the complaint. *Id.* at 51.

Here, instead of moving to transfer their case, the Siraks failed to prosecute the Illinois Complaint and refiled in the Eastern District of Virginia, eight days after dismissal in Illinois.[7]

---

[7] The federal cases cited here primarily discuss "good faith" in the context of transfer pursuant to 28 U.S.C. §§ 1404(a) or 1406(a); nonetheless, their reasoning informs the outcome of the case at bar. The Courts in *Biby*, *Pedzewick*, and *Daros* refused to transfer to other districts because they found that doing so would allow plaintiffs to evade the applicable *state's* statute of limitations. As the United States Court of Appeals for the Eighth Circuit in *Biby* observed: "[w]e are not reviewing a transfer order. We are addressing a statutes of limitations issue that was never raised in this case in [the previous forum] because appellees were never afforded the opportunity to raise it." 629 F.2d at 1294. Allowing the Siraks, with or without counsel, to bring their Complaint in Virginia would mirror the harm that the *Biby*, *Pedzewick*, and *Daros* courts sought to avoid.

9

As in *Pedzewick*, the Illinois Complaint, filed near in time to the statute of limitations cut-off, was facially defective because the Illinois Court "by no stretch of the imagination" could exercise personal jurisdiction over the defendants. *Pedzewick*, 963 F. Supp. at 51. Given that lack of personal jurisdiction, counsel for the Siraks could not have had a "good faith expectation of proceeding" in Illinois. *Biby*, 629 F.2d at 1294.

As an explanation for their procedural fencing, the Siraks proffer that they filed in Illinois because it "was the only location Plaintiffs could find an attorney willing to prosecute the Complaint." (Resp. Mot. Dismiss. 1, ECF No. 11.) While it is regrettable that the Siraks could not find a different attorney, the Court cannot allow the Siraks to utilize what amounts to a "procedural ploy" to circumvent the two-year statute of limitations for personal injury actions. *Biby*, 629 F.2d at 1294. Allowing this case to proceed would reward a party for "purposefully filing in [a] wrong forum and having his or her action saved by the tolling statute." *Rivers*, 1990 WL 303324, at *9. The Court cannot endorse such a result. Accordingly, the Siraks remaining claims for negligence and battery must be dismissed.

## IV. Conclusion

For the foregoing reasons, the Court will grant the Defendants' Motion to Dismiss and dismiss the Siraks' Complaint.

/s/ M. Hannah Lauck
United States District Judge

Date: December 6, 2019
Richmond, Virginia

10